# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| OSCAR OLLERVIDES-SANCHEZ, | : | MOTION TO VACATE |
| BOP No. 62058-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-40-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:10-CR-285-1-CAP-ECS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Oscar Ollervides-Sanchez's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. [Doc. No. 101]. The sole ground for relief that Sanchez asserts is the alleged failure of his counsel to file an appeal. [Id. at 4]. The record reflects, however, that Sanchez's counsel did file an appeal. [Doc. 87]. The record further reflects that the United States Court of Appeals for the Eleventh Circuit considered and ruled on that appeal. See United States v. Sanchez, No. 11-14759 (11th Cir. Feb. 24, 2011); [Doc. No. 102].

Because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the undersigned **RECOMMENDS** that Sanchez's § 2255 motion be **DISMISSED**. 28 U.S.C. foll. § 2255, Rule 4(b).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation

2

AO 72A
(Rev.8/82)

marks omitted)). Sanchez has not demonstrated that he is entitled to federal habeas relief, that summary dismissal is incorrect, or that both issues are reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 26th day of September, 2012.

<u>E. Clayton Scofield III</u>
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)